Tucker, P.
The question in this case is, not what is to be the ultimate decree between these parties, but whether the bill has been properly dismissed 1
That the case is not prepared for a final adjustment of the controversy, is obvious. The plaintiffs alleged, that at the time of the sale, the debt was discharged, or very nearly discharged; and the case exhibits strong reasons to believe, that they were entitled, in right of Mrs. Gibson, to large set-offs, at least; but the extent of them has not been ascertained. Again, the bill charged, that the sale of the trustees was made without advertisement, and called upon the trustees to answer to that allegation. They have not answered, nor has the fact of advertisement been proved. The onus as to proof was on the defendants, since the plaintiffs could not *374 prove a negative. We cannot, then, take the advertisement as proved; but on the other hand, we cannot take its existence as negatived, because those who were conusant of that matter, are not before the court. Then, too, if we knew the ampunt c]ue to ¿he appellants, yet we do not know the amount retained by Read; for which amount, there can be no question, the plaintiffs will be entitled to a decree, if, upon a settlement with Jones, he shall prove to be in their debt. For these and other reasons, that need not be multiplied, we cannot make an end of this cause here.
The real and only question, then, being whether the bill was properly dismissed, I have no difficulty whatever in answering in the negative. For the plaintiffs impeach the sale under the deed of trust, in two most important particulars.
The first is, that, in point of fact, the debt for which the sale was made had been paid, wholly or in part, and that the accounts in relation to the mortgage debt, were altogether unsettled and unliquidated. If this fact be established, the •case of Lane & Brome v. Tidball, Gilm. 130. distinctly shews, that the trustees should not have proceeded to the sale of the trust subject. Indeed, an opinion has been entertained by able men, that a trustee ought not to proceed to sell, where the debtor dies; since by his death, the duty of redeeming, and the benefit of redemption, which were before blended in the same person, are now separated; the duty devolving on the executor, to whom it belongs to discharge the debts, and the benefit accruing to the heir, who has a right to demand of the executor, if he has assets, to relieve the trust subject from the incumbrance. Moreover, the heir, not being conusant of the debts, is unprepared to defend the estate from an unjust sacrifice. On these grounds, judge Coalter allowed an appeal when I was at the bar, though I am unable to say what became of it. Be this as it may, there appear, in this case, very clearly, to have been unliquidated credits, to which Mrs. Gibson was entitled. For, 1st, the lease having been for two years, we must presume that Jones retained possession of the land of which Mrs. Gibson held the fee, unless the surrender of it is proved, which has *375 not been done. 2ndly, The answer admits the receipt of various articles, when he took possession of the plantations, but he has proved the return of none except the negroes; for non constat, that the property mentioned in Mrs. Gis appraisement was what he returned. Moreover, he admits he did not return all, for he says he did not return those articles which were lost by death, accident or decay. Now by the contract he was bound to return, in kind or in value, all the stock of every description, the plantation utensils of like value, and the same quantity of corn and fodder. 3rdly, as to the corn, he denies receiving more than 40 barrels, and says he returned that. But admitting the denial to tie the plaintiffs down to 40 barrels, unless they prove he received more, yet the fact that he returned it is affirmative matter, which he must prove. He has not proved it.
Without going into other details on the second point of objection to the sale, I shall remark, that the bill charges the sale to have been irregularly made, and without advertisement, by which a great sacrifice was produced. The answer does not allege, that there was an advertisement. The defendant took it for granted the proceedings were regular. It became him to prove, that they were so. The proof lay upon him, for he had the affirmative of the issue as to this point. The plaintiffs could not prove there was no advertisement. They made an effort to do it, by making the trustees parties; but their bill was dismissed, without the trustees having ever been brought before the court. Now, though a decree ought not to be reversed, for dismissing a bill, before mere formal parties are brought before the court, yet the trustees, in this case, are not mere formal parties. They are charged with a breach of trust, in failing to follow the directions of the trust deed, and in thereby producing a sacrifice of the property. They ought, therefore, to have been before the court, antecedent to a decree of dismission on the merits: though a failure to bring them before the court, after the proper rule, might indeed have well exposed the plaintiffs to a dismission for want of prosecution.
The decree is to be reversed, and the cause remanded to the court of chancery.